UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN DOE<br>*Plaintiff,* | )<br>)<br>) |
| v. | )<br>) |
| WILLIAM PRUNIER, and<br>JACOB LIAM KOSKI<br>*Defendants* | )<br>)<br>)<br>) |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, by his attorneys, Laura D. Mangini, Esq., and Alex J. Grant, Esq., alleges as

follows:

### JURISDICTION & VENUE

1. This federal district court has jurisdiction over this cause, because this action alleges various violations of 15 U.S. Code § 6851 and thus arises "under the . . . laws . . . of the United States." 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), because the Defendants reside in Massachusetts and because "a substantial part of the events or omissions giving rise to the claim occurred" in this district, or "a substantial part of property that is the subject of the action is situated in this district."

### PARTIES

3. The Plaintiff, John Doe, is an individual over the age of 18 residing in Hampshire County, Commonwealth of Massachusetts. John Doe is identified in Plaintiff's Affidavit of True Identity.

4. The Defendant, William Prunier, is an individual who also resides in Franklin County, Commonwealth of Massachusetts.

5. The Defendant, Jacob Liam Koski, is an individual who resides in Franklin County, Commonwealth of Massachusetts.

## STATEMENT OF FACTS

6. During the 2020 – 2021 school year, Doe was over the age of 18 and was enrolled as a sophomore at a college in Wisconsin.

7. At some point during the school year, Doe received a Direct Message ("DM") on the Instagram application from an individual named "Annie." "Annie" purported to be a blonde-haired, college-aged, female from the eastern part of Massachusetts.

8. Prior to engaging with "Annie," Doe viewed her Instagram account. Although there were only a small number of photos on the account, the photos that were there did show a blonde-haired, college-aged, female.

9. Doe and "Annie" continued to talk via DMs for a period of time before "Annie" requested they move the conversation to SnapChat.

10. Initially, Doe and "Annie" engaged in small talk. The two also exchanged normal SnapChat photos and pictures of their faces.  All of "Annie's" photos depicted a blonde-haired, college-aged female.

11. At some point, "Annie" brought up the idea of exchanging nude photos with each other. "Annie" specifically told Doe that he could not save any photos of her, and proceeded to send him a photo which purported to show her exposed breasts from the neck to the waistline.

12. "Annie" continued to send Doe nude photos of herself. At her request, Doe did not save any of the photos.

13. Doe also sent "Annie" nude photos and videos of the entire front side of his body, and images of his face and genitalia.

14. After Doe sent "Annie" the photos and videos, Annie threatened to send disseminate the photographs to Doe's friends and families if he did not give her money.

15. Not knowing what else to do, Doe began to send "Annie" money through CashApp, Zelle, and Western Union Money Transfers.

16. Over the course of a year, Doe sent "Annie" approximately $20,000.00.

17. Doe's parents eventually confronted Doe about his spending. He confessed what happened.

18. On July 22, 2022, Doe and his family reported the events to the Deerfield Police Department and deleted all of his social media accounts.

19. For the next fifteen (15) months, Doe did not hear from "Annie."

20. Sometime during the last week of October 2023, Doe received a phone call from a high school friend advising him that multiple people, including high school students under the age of 18, had received nude photographs of Doe, including images that depicted Doe's genitalia, from a SnapChat account pretending to be Doe.

21. The SnapChat account used a screenname that was almost identical to Doe's prior accounts.

22. Doe and his parents again reported the information to the Deerfield Police Department.

23. During the police investigation, it was determined that the fake SnapChat account had sent nude photographs of Doe, without his consent, to at least twenty (20) recipients. The account would (1) send a friend request; (2) ask if the other individual remembered Doe; (3) sent a nude photo/video of Doe; and (4) requested the recipient send a nude video or image back to the account.

24. As part of the police investigation, officers obtained a search warrant for the SnapChat account purporting to be Doe. The warrant included a search of location data.

25. Location data revealed that the address was from the same street where Doe grew up, and where his family still lived. Data also revealed significant activity at the Greenfield District Court.

26. Defendant, William Prunier, was eventually identified by Deerfield Police as a likely suspect.

27. On January 12, 2024, after waiving his Miranda rights, Defendant Prunier provided a statement to the Deerfield Police Department in which he confessed to pretending to be "Annie" and soliciting nude photographs and videos from Doe.

28. Defendant Prunier also admitted to distributing nude photographs and videos of Doe as recently as January 11, 2024.

29. Defendant Prunier said he received money from a male friend, Defendant Koski, for sending nude photographs to Defendant Koski.

30. Defendant Prunier told the police that he and Defendant Koski had previously traded nude photographs that they had obtained from other people.

31. Defendant Prunier and Defendant Koski agreed to a plan whereby Defendant Prunier would obtain nude photographs of people they knew and Defendant Koski would provide Defendant Prunier money in exchange for the nude photographs.

32. Defendant Koski provided Defendant Prunier with the names of the people that Defendant Koski wanted nude pictures of.

33. Defendant Prunier provided Defendant Koski nude images of multiple people, including nude images of Doe.

34. Defendant Koski paid Defendant Prunier for nude images of Doe and other people.

35. At no point in time did Plaintiff, John Doe, give permission to Defendant, William Prunier, to create a fake social media account and disseminate nude photographs of Doe.

36. The nude images of Doe disseminated by the Defendant Prunier, included images that depicted Doe's genitalia and images that depicted Doe engaging in masturbation.

37. The Defendant Prunier, obtained and disseminated images of Doe's genitalia and of Doe engaging in masturbation through internet messaging applications and other means of online communications.

### Count I
### Negligence
### Doe v. Prunier and Koski

38. The Plaintiff, John Doe, restates and realleges the allegations contained in paragraphs 1-37 of the Complaint and incorporates them by reference herein.

39. Defendants, William Prunier and Jacob Liam Koski, had a duty to exercise reasonable care to avoid physical, emotional, and mental harm to others, including the Plaintiff, John Doe.

40. Defendant Prunier, acting at the behest of and in concert with Defendant Koski, breached that duty when he conducted himself in a manner that, although he could not have been certain would result in injury, foreseeably presented a risk of injury to others, including the Plaintiff, and which did result in physical, mental, and emotional injury to Plaintiff.

41. As a direct and proximate result of Defendant Prunier's and Defendant Koski's negligent conduct, Plaintiff has suffered, and will continue to suffer, bodily injury, severe and permanent mental distress and emotional injuries, financial expenses for medical and therapeutic care and treatment, as well as other damages.

WHEREFORE, the Plaintiff, John Doe, prays for judgment against the Defendants, William Prunier and Jacob Liam Koski, in a reasonable amount, together with interest, costs, expert witness fees, attorney's fees, and such other and further relief as the Court may deem just and proper.

**Count II**
**Negligent Infliction of Emotional Distress**
**Doe v. Prunier and Koski**

42. The Plaintiff, John Doe, restates and realleges the allegations contained in paragraphs 1-41 of the Complaint and incorporates them by reference herein.

43. As a result of the negligence of the Defendants William Prunier and Jacob Liam Koski, as described herein, the Plaintiff suffered emotional and mental distress manifested by objective symptomology and which required medical treatment.

44. Reasonable persons would have suffered emotional and mental distress under such circumstances as described herein.

45. As a direct and related consequence of William Prunier's and Jacob Liam Koski's negligent and careless conduct, the Plaintiff experienced and continues to experience significant emotional distress and mental anguish, a diminished capacity to enjoy life, and was otherwise damaged.

WHEREFORE, the Plaintiff, John Doe, prays for judgment against the Defendants, William Prunier and Jacob Liam Koski, in a reasonable amount, together with interest, costs, expert witness fees, attorney's fees, and such other and further relief as the Court may deem just and proper.

**Count III**
**Invasion of Privacy/Violation of M.G.L. c. 214 §1B**
**Doe v. Prunier and Koski**

46. The Plaintiff, John Doe, restates and realleges the allegations contained in paragraphs 1-45 of the Complaint and incorporates them by reference herein.

47. At all times material hereto the Plaintiff, John Doe, had a right against unreasonable, substantial, and serious interference or intrusion upon his privacy.

48. The Defendants, William Prunier and Jacob Liam Koski, intruded or invaded upon the Plaintiff's privacy on several occasions when he disseminated sexually explicit video footage of the Plaintiff to other individuals, without Plaintiff's permission.

49. As a direct and related consequence of Defendants' conduct, the Plaintiff experienced and continues to experience significant emotional distress and mental anguish, a diminished capacity to enjoy her life, and was otherwise damaged.

WHEREFORE, the Plaintiff, John Doe, prays for judgment against the Defendants, William Prunier and Jacob Liam Koski, in a reasonable amount, together with interest, costs, expert witness fees, attorney's fees, and such other and further relief as the Court may deem just and proper.

**Count IV**
**Disclosure of Intimate Images, 15 U.S. Code § 6851**
**Doe v. Prunier and Koski**

50. The Plaintiff, John Doe, restates and realleges the allegations contained in paragraphs 1-49 of the Complaint and incorporates them by reference herein.

51. Due to misrepresentations by the Defendant, William Prunier, the Plaintiff, John Doe, provided intimate visual depictions, within the meaning of 15 U.S.C. § 6851(a)(5) of Plaintiff to Defendant Prunier, including images that depicted Doe's genitalia.

52. The Defendants, William Prunier and Jacob Liam Koski, did not have the consent of Doe to disclose, within the meaning of 15 U.S.C. § 6851(a)(4), the intimate visual depictions of Doe.

53. The Defendants, William Prunier and Jacob Liam Koski, knew or recklessly disregarded the fact that they did not have Doe's consent, within the meaning of 15 U.S.C. § 6851(a)(4), to disclose the intimate visual depictions of Doe.

54. The Defendant, William Prunier, acting at the behest of and in concert with Defendant Koski, disclosed intimate visual depictions of Doe using the internet, a facility of interstate and foreign commerce.

55. The Defendant, William Prunier, acting at the behest of and in concert with Defendant Koski, as part of his scheme to disclose intimate visual depictions of Doe, obtained the intimate visual depictions of Doe through the internet and by obtaining the depictions by internet communications and transmissions that crossed state lines.

WHEREFORE, the Plaintiff, John Doe, prays for judgment against the Defendants, William Prunier and Jacob Liam Koski, in a reasonable amount, together with interest, costs, expert witness fees, attorney's fees, and such other and further equitable relief as the Court may deem just and proper, including a preliminary and permanent injunction ordering Defendant Prunier and Defendant Koski to cease display or disclosure of intimate visual depictions of John Doe.

**Count IV**
**Civil Conspiracy**
**Doe v. Prunier and Koski**

56. The Plaintiff, John Doe, restates and realleges the allegations contained in paragraphs 1-55 of this Complaint, and incorporate them by reference herein.

57. Defendant Prunier and Defendant Koski entered into an agreement whereby Defendant Prunier would obtain nude images of various people by making false representations to them.

6

58. It was part of the agreement that Defendant Koski provided Defendant Prunier the names of people for whom Defendant Koski wanted nude images.

59. It was part of the agreement that Defendant Koski paid Defendant Prunier money for the nude images that Defendant Prunier obtained and distributed to Defendant Koski.

60. Defendant Prunier obtained nude images of various people and provided them to Defendant Koski in exchange for money.

61. Defendant Prunier and Defendant Koski knew that they did not have consent from the people who provided the nude images through false pretenses to Defendant Prunier to further disseminate them.

62. Defendant Prunier and Defendant Koski pursued the objects of the conspiracy negligently and without due regard for the psychological harm and emotional distress that their actions would have on Doe and others who provided nude images to Defendant Prunier under false pretenses.

63. Defendant Prunier and Defendant Koski pursued the objects of the conspiracy negligently and without due regard for the psychological harm and emotional distress that their actions would have on Doe and others who provided nude images to Defendant Prunier under false pretenses.

64. Defendant Prunier and Defendant Koski pursued the objects of the conspiracy negligently and without due regard for the fact that their actions invaded the privacy of Doe and others who provided nude images to Defendant Prunier under false pretenses in violation of G.L. c. 214 §1B.

65. Defendant Prunier and Defendant Koski pursued the objects of the conspiracy negligently and without due regard for the fact that their actions resulted in the disclosure of intimate images in violation of 15 U.S. Code § 6851.

WHEREFORE, the Plaintiff, John Doe, prays for judgment against the Defendants, William Prunier and Jacob Liam Koski, in a reasonable amount, together with interest, costs, expert witness fees, attorney's fees, and such other and further relief as the Court may deem just and proper.

Dated: 12/16/25

Respectfully submitted,
The Plaintiff,

Laura D. Mangini, Esq. (BBO # 684620)
Alekman DiTusa, LLC
1550 Main Street, Suite 501
Springfield, MA 01103
Tel. (413) 781-0000
Fax (413) 827-0266
laura@alekmanditusa.com

Alex J. Grant, Esq. (BBO# 629754)
Alekman DiTusa, LLC
1550 Main Street, Suite 501
Springfield, MA 01103
Tel. (413) 781-0000
Fax (413) 827-0266
alex@alekmanditusa.com